Stamper et al. vs. Hayes.

---

MARTIN W. STAMPER et al., plaintiffs in error, vs. JAMES HAYES, for use, &c., defendant in error.

[1.] In a suit on a promissory note, slight evidence that title to the note is in the plaintiff, will be sufficient to prevent a nonsuit.

[2.] A receipt of payment, though not obtained fraudulently, yet, if obtained by mistake, or, without consideration, does not bind.

[3.] A purchaser, even with notice, from a purchaser without notice, is equally protected with the latter.

Complaint, from Early county. Tried before Judge KID-DOO, ——— Term, 1858.

The facts of this cause are stated in the opinion of the Court.

HOOD & ROBINSON, for plaintiffs in error.

COOK & LYON, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The suit was on an endorsed note, of which the following is a copy:

"By the first day of January, 1855, we promise to pay James Hayes one thousand dollars, for value received.

This 20th July, 1854."

(Signed)   "M. W. STAMPER,

E. C. CORBETT."

"I endorse the within note, and transfer it to C. Hart, for value received. August 24th, 1854."

(Signed)   "JAMES HAYES,

C. C. BARNARD."

There was no endorsement from Hart to Pollok, for whose use the suit was brought by Hayes.

The defendants " moved for a non-suit, upon the ground, that the equitable title in the note, having been transferred to C. Hart, by written endorsement, and never having passed from him, it was improperly brought; no equitable title or interest having been shown in Morris Pollok; which mo-tion, the Court overruled, and the defendants excepted."

This is the first exception.

A part of Barnard's testimony was as follows : "He does not know whether or not, Morris Pollok traded for the note with the notice that the negotiability of the same was res-trained. He gave for the note, the effects of a grocery, he considered, worth three hundred dollars."

Here, is some evidence, that the title *had* "passed" out of Hayes and into Pollok. True, this witness, Barnard, had, in a previous part of his answers, said, that "Hayes," (not Pol-lok) "bought out the effects of a grocery from Hart and Mc-Cabe." "The thousand dollar note was to pay for the same."

But both statements being before the jury, it might be, that they saw reason to prefer the one first quoted to the one last quoted ; or saw some way of reconciling this to that.

Then, the possession of the note was in Pollok.

[1.] We think then that there was evidence enough of Pollok's title to the note, to prevent a non-suit, especially, as

he had not been particularly warned to bring evidence to that point, there being no plea, that he had no title to the note.

The defence was payment; and, to support it the defendants introduced a receipt in the following words:

"Received of E. C. Corbett, one thousand dollars, in full payment for a note, I hold on Stamper & Corbett, due January, eighteen hundred and fifty-five.   Oct. 10th, 1854."

(Signed,)            "JAMES HAYES."

And witnessed,

Jno. M. Smith."

One of the defendant's requests to charge, was; "That Hayes, in order to evade the effect of his receipt, must show, that it was obtained fraudulently, and if not so shown, it is good against him, and is a good defence to this note, unless Morris Pollok had previously obtained an equitable interest in said note." This request was refused, and the refusal was excepted to.

[2.] It may be, that a receipt will not bind, even though not obtained fraudulently. A receipt obtained by mistake, or without consideration, does not bind; and it was quite a question on the evidence in this case, whether this receipt was not obtained without consideration.

The first part of this request, then, was not proper.

[3.] The same may be said of the remaining part relating to Pollok, and, for the reason, that that part leaves out of view, the relation which *Hart*, the first transferee, bore to the case. If Hart's title was good, if he got the note at a time previous to the receipt, and Corbett knew that, when he took the receipt, then the title of Pollok, Hart's transferee, was equally good, even though Pollok, when the transfer to him took place, had notice of the receipt. A purchaser, though with notice, if, from a purchaser without notice, is protected to the same extent to which, the latter is.

We think, that the Court was right in refusing this request in both its parts.

There were some other exceptions, but they were abandoned.

Judgment affirmed.