JOHN DOE, ex dem., PATRICK PRESCOTT and JAMES PACE, plaintiffs in error, vs. RICHARD ROE, casual ejector, and HARRELL B. JONES and MICHAEL S. PEAVY, defendants in error.

[1.] Marriage gives to the husband, such a title to the wife's land, that he may after her death, although he has never reduced it into his possession, sue for it, and recover it, without having administered on her estate.

[2.] If, in ejectment, there is a demise from A. and a demise from B. and the evidence brings the title into A. and then shows a deed from A. to B. there ought not to be a nonsuit, whether the deed from A. to B., be void or not.

Ejectment and nonsuit, in Dooly Superior Court. Before Judge LAMAR, April, 1859.

Upon the trial of this case, plaintiff offered and read in evidence a copy grant from the State, for the premises in dis-

pute, to Patrick Prescott, dated 23d March, 1824; then a certified copy from the records of the Inferior Court of Richmond county, proving the marriage of said Patrick, to Sarah Bush. Marriage solemnized 12th Nov., 1818; plaintiff then proved that Prescott died in 1824 or 1825, in the city of Augusta, Georgia, leaving no child or children living at his death, but his widow, the said Sarah surviving him. He further proved the marriage of said Sarah Prescott, widow, to James Pace; said marriage solemnized 4th September, 1827, and that said Sarah died in 1846, and before the commencement of this suit. Plaintiff further offered and read in evidence a warranty deed, of the premises in dispute, from James Pace to Stephen T. Heard, one of plaintiff's lessors, dated 15th April, 1852.

It was admitted by counsel that the premises in dispute, were wild vacant lands in 1846, at the time of Mrs. Pace's death, and no one in the possession or actual occupation of them, nor had been, but that the defendant was in possession, holding adversely at the time the deed was executed by James Pace to Stephen T. Heard, 15th April, 1852. Plaintiff proved the *locus* and possession thereof by defendants and closed.

Defendant introduced in evidence a deed for the premises in dispute from James R. Jones, executor of James Jones, to Samuel Rutherford, dated ———— and a deed from Rutherford to the tenants in possession, dated in 1847, and thereupon moved for a nonsuit, upon the ground that Sarah Pace and Patrick Prescott, being both dead before the commencement of this suit and the defendants being in possession holding adversely at the time the deed was executed by Pace to Heard, no recovery could be had.

The Court sustained the motion, and ordered a nonsuit. Whereupon, plaintiff excepted and assigned error.

Stubbs & Hill, Hines & Hobbs, for plaintiff in error.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right, in granting the nonsuit?

Two grounds for the nonsuit, were insisted on. The first was, that Pace had not reduced the land to possession, when his wife died, and, that he had not administered on her estate since her death.

But we think, that an administration by him, on her estate, was not necessary in order to make the land his. We think, that the marriage made the land, his. The language of the Act of 1789, on the subject, is; "and, in cases of intermarriage since the 22d day of February, 1785, the real estate belonging to the wife, shall become vested in, and pass to the husband, in the same manner as personal property, doth." *Pr. Dig.* 225. By "*personal property,*" we understand, personal property *in posssession,* and not, choses in action ; and, as to personal property in possession, "the husband hath therein, an immediate and absolute property, devolved to him by the marriage, not only potentially, but in fact, which never can again revest in the wife or her representative? 2 *Black. Com.* 435.

Consequently, by this Act of 1789, Pace, the husband, had in this land, an immediate and absolute property devolved to him, by the marriage, not potentially, but, in fact.

[1.] We think, therefore, that the first ground for the nonsuit was insufficient.

The second ground was, that even if Pace had the title, yet that the land was held adversely to him, when he made the deed to Heard, and, therefore, that that deed was void by the Act of 32 *Henry VIII,* entitled "the bill of bracery and buying of titles." But what of that? There was a demise in the name of Pace himself, as well as, one in the name of Heard. And Pace's deed to Heard, was void, or, it was not ; if it was void it had no effect, and the title still remained in

Pace, if it was not void it had effect and conveyed the title into Heard. But if either Heard or Pace had the title, the plaintiff was entitled to recover, for he had a demise from both Heard and Pace.

It is unnecessary, then to say, whether it was or was not true, that the deed from Pace to Heard was void, by the Act of *Henry the VIII.*

[2.] We think, then, that the second ground for the nonsuit, was also insufficient.

The result therefore, is, that, in our opinion, the Court was *not* right in granting the nonsuit.

Judgment reversed.