GEORGIA A. MERCIER, plaintiff in error, vs. A. J. MERCIER, defendant in error.

Where, in an action of trover, it was in proof that the property sued for, and to which the plaintiff showed title, was at the house of defendant, though there was no proof of any use of the same by him:

Held, That this was some evidence of possession in the defendant, and it was error in the Court to withdraw the case from the jury, and grant a non-suit.

Trover. Non-suit. Before Judge HARRELL. Early Superior Court. April Term, 1871.

Georgia A. Mercier brought trover for a sewing machine against A. J. Mercier, her brother. The evidence was that their father bought the machine and brought it home as a present for plaintiff, and gave it to her; that she used it, no one else claiming it, so long as she lived there; that she went away, leaving the machine; her father soon after died, and the machine is still in the house, now occupied by the defendant. But the witness had never seen defendant or his wife use the machine. Its value being shown, the plaintiff closed. Upon motion of defendant's counsel, the Court non-suited the plaintiff, and of that complaint is made.

THOMAS F. JONES; H. FIELDER, for plaintiff in error. If defendant in possession when suit brought, conversion need not be proved: R. Code, sec. 2974. Defendant had right to tender the property: R. Code, sec. 3002.

R. SIMS, by W. D. KIDDOO, for defendant.

McCAY, Judge.

Under section 2974 of the Code, it is not necessary to prove a conversion of the property, in an action of trover, as was formerly required, if the defendant be proven to have been in possession when the action was brought. The proof of possession by the defendant is, it is true, very weak; the facts proven are consistent with the possession of any one being at the same house; but we think the case ought to have been left to the jury, on the proof. This Court has gone very far in its rulings on this subject: See 22 Ga., 348; 25 Ga., 546; 26 Ga., 617; 29 Ga., 58.

That the defendant had the control of this sewing machine is, we think, pretty evident. And, as it was proven that it was at the house where he lived, it was for the jury to say whether it was in his possession. If they thought not, the

verdict would be for the defendant. If the plaintiff is willing to risk his rights on a weak case, it is his own fault, and the Court ought not to interfere to grant a non-suit, unless there be no evidence.

Judgment reversed.