Rogers *et al. vs.* Cunningham.

---

WILLIAM ROGERS, trustee, *et al.*, plaintiffs in error, *vs.* JOHN
CUNNINGHAM, executor, defendant in error.

*[McCay, J., was providentially prevented from presiding in this case.]*

1. Where a marriage settlement was executed, by which a vested re-
mainder interest in the wife was conveyed to trustees for the purpose
of protecting it from the marital rights of her husband, and to secure
the same for the benefit of herself and children, should she have any,
reserving the right to dispose of the same by will or otherwise, during
coverture, if she had no children, and in the event of her failure to
make any disposition thereof during life, then to go to her heirs-at-law:
*Held*, that upon the death of the husband, without any children by that
marriage, leaving the wife surviving, the trust was executed; and that
the widow held the property in the same manner as she did before her
marriage.

2. Upon the second marriage of the widow, said remainder interest, in
the absence of a settlement, vested in her husband by virtue of his
marital rights.

Trusts. Husband and wife. Marriage settlement. Before
Judge SCHLEY. Chatham Superior Court. May Term, 1873.

Rogers *et al. vs.* Cunningham.

For the facts of this case, see the decision.

JACKSON, LAWTON & BASINGER, for plaintiffs in error.

LOVELL & FALLIGANT; HENRY B. TOMPKINS, for defendant.

WARNER, Chief Justice.

The bill in this cause was filed by John Cunningham, executor of the will of John B. Gallie, against William Rogers, trustee under the marriage settlement of Joseph Carruthers and Jane A., his wife, and against Joseph S. Carruthers, Elizabeth Carruthers, Ella Carruthers, and Janet Carruthers, a minor, returnable to the January term, 1873, of the Superior Court of Chatham county.

The bill alleged in substance as follows: That on Decem-23, 1815, a marriage settlement was made and entered into between Joseph Carruthers and Jane A. Stutz, both of said county of Chatham, whereby certain property of said Jane A. was conveyed to trustees therein named for the sole and separate use of the said Jane A., until the marriage, and after the marriage for her sole and separate use during her life, and thereafter for the use, benefit and behoof of any child or children that she, the said Jane A., might have by the said Joseph Carruthers, share and share alike, their heirs and assigns forever; that the said marriage took place, and that the said Joseph Carruthers afterwards died, leaving him surviving his widow, the said Jane A., and three children of said marriage, viz.: the said Joseph S. Carruthers, and James Carruthers and Janet Carruthers, the two latter now deceased; that the said James Carruthers died July 29, 1854, leaving a widow, the said Elizabeth Carruthers, one of the defendants, and two daughters, viz.: the said Ella and Janet, also defendants in the said cause; that the said Janet Carruthers, the daughter of the said Jane A., was married, without a settlement, to John B.

Gallie, July 5, 1849, and died childless, September 17, 1854, the said Gallie surviving her; that the said Gallie died February 1, 1863, leaving two children of a marriage previous to his marriage with the said Janet, viz.: Mary, now the wife of Robert A. Trippe, and Julia, now the wife of Thomas P. Bond; also a widow, Charlotte M. E., married after the death of the said Janet, and two minor children by the said Charlotte, viz.: Lucy Christina and Charles R. Gallie, and leaving also a will, which was duly admitted to probate and record in said county of Chatham, whereby, after certain specific legacies and bequests, he gave and bequeathed all the remainder of his estate, of every description, of which he was possessed, or might become entitled to, by will, inheritance or otherwise, to his executors named in the said will, and the survivor of them, etc., in trust for the benefit of his said surviving widow and all his children, by that or any other marriage, in a certain manner in the said will set forth; that the complainant, John Cunningham, is the only surviving executor of the said will, and has been duly qualified, and that the defendant, William Rogers, was substituted as trustee under the marriage settlement aforesaid, in lieu of the trustees therein named, who had long previously died, by order of the Superior Court of Chatham county aforesaid, on the 3d day of June, 1863, upon proceedings duly instituted for that purpose; that the said Jane A. Carruthers, the life tenant under the marriage settlement aforesaid, died on the 17th day of July, 1872.

Upon these allegations the complainant claims that Janet, the wife of John B. Gallie, was entitled, at the time of her marriage with him, to a vested estate in remainder in fee in an undivided third of the property conveyed in trust by her mother's marriage settlement, which estate in remainder passed to the said Gallie upon his marriage, and devolved upon his executors at his death as part of the residuum of his estate, for the trusts specified in his will; and that upon the termination of the life-estate of Mrs. Jane A. Carruthers, he was entitled to receive one-third of all that remained of the property

mentioned in the marriage settlement upon the trusts specified in Gallie's will; and, describing the remaining property, he avers that he has applied to the defendants for a distribution and partition, which the defendants, denying his right, as Gallie's executor, to any part of the property, had refused. And the bill prays that commissioners may be appointed to make a partition, with power to sell, etc., for that purpose, and that one-third of the property may be allotted to him, as executor, as aforesaid, upon the trusts specified in the will.

Answers were duly filed, one by the trustee, the other by the remaining defendant, Mrs. Elizabeth Carruthers having first been appointed guardian *ad litem* of her minor daughter, Janet. The defendant Rogers, the trustee, admits the facts stated in the bill to be true, and submits himself to the decree of the court as to the rights of the parties, praying only to be reimbursed certain monies expended by him for the trust estate.

The other defendants also admit the facts stated to be true, but allege these additional facts, viz: That Janet Carruthers, before her marriage with Gallie, and on October 29th, 1844, was married to one Francis S. Porcher, and on that day, in consideration of the marriage, made and entered into a marriage settlement with him, whereby she conveyed to certain trustees, therein named, "all her estate, right, title, interest, property, claim and demand whatsoever, at law and in equity, being a remainder in fee in a certain proportionate share" of, in and to, the property mentioned in her mother's marriage settlement aforesaid, to have and to hold the said proportionate share, "to commence in possession immediately after the determination of the life-estate of the said Jane A. Carruthers therein," in trust "for the sole and separate use of the said Janet until the marriage, and then for her sole and separate use during her life, not subject to the control, management, debts or liabilities" of Porcher, "and after the death of the said Janet, then in trust for the sole use of such children of the said marriage as should be living at the time of her death; and in case there should be no child or children living as afore-

said, then to such person or persons as the said Janet should, during her lifetime, (notwithstanding her coverture,) order, devise, limit or appoint; and in case no such order, devise, limitation or appointment should be made, then to the heirs-at-law and next of kin to the said Janet, according to the provisions of the laws of the State of Georgia regulating the distribution of the estates of intestates dying without issue;" that the said Porcher died, leaving no issue of the said marriage; and that the said Janet did not, at any time during her life, order, devise, limit or appoint any person or persons, in any manner whatsoever, to take her said proportionate share of the property after her death. And upon these new facts, the defendants insist that the heirs-at-law and next of kin to the said Janet, at the time of her death, who were entitled to her aforesaid estate in remainder, were her mother and her two brothers, above named; and that, upon the death of Mrs. Carruthers, the said Joseph S. became entitled to one-half of the said property in fee, and the said Elizabeth and her two daughters to one-third thereof in fee as tenants in common, and the said two daughters to one-sixth thereof in fee as tenants in common; and that Gallie acquired no interest at all in any of the said property by his marriage with his wife, Janet. And the defendants, with this denial of any right in Gallie's executor to participate, concur in the prayer for a partition, but only among themselves.

The new facts thus stated by these defendants were admitted by the complainant, and there being thus no question of fact involved, the cause came on to be heard before the judge alone, upon the bill, answers and exhibits attached to both, during the May term of the said court, in the year 1873; and thereupon, the judge decided that the marriage settlement with Porcher was not a conveyance of Janet Carruthers' estate in remainder to the trustees named, but only a contract for a future settlement; that her title did not, therefore, pass by that settlement, but remained in her, and became vested in Gallie upon his marriage with her; that, even if that were not so, Gallie became entitled, as her heir-at-law, upon her

death, by the terms of the Porcher settlement; and that the complainant, as his executor, became, therefore, entitled to one-third of the property upon the death of Mrs. Carruthers, for the purpose of Gallie's will, and directed a decree to be prepared accordingly.

To the whole and every part of this decision the defendants excepted.

1. Under the marriage settlement of Jane A. Stutz and Joseph Carruthers, dated 23d December, 1815, Janet Carruthers, one of the children and issue of that marriage, became entitled to one-third of the real estate of her mother in remainder, to be enjoyed in possession after her mother's death, she having a life-estate therein. In other words, Janet had a vested remainder in one-third of the real estate embraced in that marriage settlement, to be enjoyed in possession after the death of her mother, Jane A. Carruthers. Jane A. Carruthers, the tenant for life, did not die until July, 1872. On the 29th of October, 1844, Janet Carruthers intermarried with Porcher, and executed a marriage settlement by which her property was vested in trustees, for the purpose of protecting it from the marital rights of her husband, and to secure the same for the benefit of herself and children, if she should have any, reserving the right to dispose of the same by will or otherwise, during coverture, if she had no children, and failing to make any disposition of it during her life, then it was to go to her heirs-at-law. The sole object and intention of that marriage settlement was to protect her property against the marital rights of Porcher, her intended husband, and to secure the same for the benefit of herself during her coverture, and for the benefit of her children after her death, if she had any, and if she died without children, her husband surviving her, he was to have no part of her property, but the same was to go to her heirs-at-law in the same manner as it would have done if she had died intestate before her marriage with Porcher.

2. But Porcher died first, and there were no children, and she held her property in her own right just as she held it be-

fore her intermarriage with Porcher. There was nothing for the trustees to do; all the objects and purposes for which the trust was created, ceased and determined on the death of Porcher, the husband, without children by the marriage. There was no longer any necessity for trustees to protect her property after the death of Porcher than there would have been for trustees to protect her property before her intermarriage with him, and if she had died intestate after the death of Porcher, and before her intermarriage with Gallie, her next of kin would have taken her property in the same manner as they would have done if she had died intestate before her intermarriage with Porcher. If Mrs. Porcher had died intestate before her intermarriage with Gallie, her next of kin, her blood relations, would have inherited her property, not under the marriage settlement with Porcher, her former husband, but under the statute laws of the state. If she had made such a marriage settlement with Gallie as she made with Porcher, and had disposed of her property by will in her lifetime, then she could have secured her property for the benefit of her blood relations after her death, but she did not do so; and upon her intermarriage with Gallie his marital rights attached thereto. The title to one-third of the property under her mother's marriage settlement, was in her as a vested remainder, and upon her intermarriage with Gallie, as the law then stood, her real estate belonging to her became vested in and passed to him as her husband, by virtue of his marital rights as such husband: *Prescott & Pace vs. Jones & Peavy*, 29 *Georgia Reports*, 58; *Shipp et al. vs. Wingfield*, 46 *Ibid.*, 593. The result, therefore, is that the title to the property was in Gallie at the time of his death, subject to be enjoyed in possession at the termination of the life-estate of Jane A. Carruthers, and the executor of Gallie is entitled to recover the same under the provisions of his will, as part of his estate. The judgment of the court was right, whatever may have been the reasons given for rendering it.

Let the judgment of the court below be affirmed.