STERLING, administrator, *vs.* SIMS.

1. A chose in possession is where a person has not only the right to enjoy, but also the actual enjoyment of the thing; a chose in action includes all rights to personal property not in possession, which may be enforced by action,—demands arising out of torts as well as contracts. It is sometimes used as the right of bringing an action.

2. The right of an heir to have her interest in the estate of her deceased ancestor, in the hands of his administrator, is a chose in action, and not a chose in possession; and where such right was in the wife prior to 1866, if her husband died before reducing it to possession, the right survived to the wife.

(a.) Therefore, where prior to 1866 an intestate died, leaving a married daughter as one of his heirs, and dower was assigned to his widow, the reversion of the land set apart to her was in the estate, and after the widow died, and the land was sold by the administrator and converted into money, the right to have this money was a chose in action; and the husband of the married daughter having failed to reduce it to possession before his death, the right survived to her to the exclusion of his creditors or heirs-at-law.

(b.) It made no difference that the wife's interest in her deceased ancestor's estate was in land. The act of 1789 places realty and personalty upon the same footing, as to the marital rights of the husband, and as to the distribution of the estates of intestates.

(c.) This case differs from those in 29 *Ga.*, 58; 52 *Id.*, 321; 46 *Id.*, 593; 51 *Id.*, 40.

November 6, 1883.

Husband and Wife. Survivorship. Administrators and Executors. Title. Choses in Action. Before Judge HAR-RIS. Troup Superior Court. April Term, 1883.

Reported in the decision.

A. H. Cox, for plaintiff in error.

F. M. LONGLEY, for defendant.

BLANDFORD, Justice.

This case was submitted to the court below, his Honor, S. W. Harris, judge presiding, on an agreed statement of facts, without the intervention of a jury.

The facts agreed on are as follows: In 1851, in Troup county, Wiley J. Sterling died intestate, leaving a widow, Bethena Sterling, and eight children, one of whom was Virginia J. Sims, then a married woman, wife of W. H. Sims, of said county.

W. L. Sterling was appointed administrator, and fully distributed the estate, and turned over to the widow, who took dower, 670 acres of land. This was all done before 1866.

In 1881 the dower tenant died, and W. L. Sterling having been removed, John R. Sterling was appointed administrator *de bonis non*. In 1882 the administrator *de bonis non* sold said land at administrator's sale.

The defendant in error sued for a child's part of the proceeds.

The administrator had and owned a *fi. fa.* against W. H. Sims and others, obtained 25th May, 1860, and kept alive by proper entries, which he bought before he became administrator, believing, when he bought it, that the share of Virginia J. Sims in said land had vested in her husband, W. H. Sims, and was subject to said *fi. fa.* There were also in the hands of others, other *fi. fas.* against said Sims, who died in 1871 insolvent. The *fi. fa.* owned by said administrator was for a much larger sum than the share, the amount of the share being agreed on at the sum for which the judgment was rendered. W. H. Sims and Virginia J. Sims had children.

The court held that the administrator was liable to Virginia J. Sims for the said share; that under the facts the marital rights of W. H. Sims had never attached to her interest in the dower lands, so as to defeat her survivorship, and rendered judgment against the administrator *de*

*bonis non,* to which judgment plaintiff in error excepted, and the question is, did the court below err in so deciding? What are the rights of Mrs. Sims to the money in the hands of the administrator *de bonis non* of her father's estate? Is she not entitled to one-eighth of the same as the heir-at law of her father, by reason of having survived her husband who never reduced the same into possession during his life?

An answer to this question will somewhat depend upon what her interest was in her father's estate;—was it a chose in possession or a chose in action?

A chose in possession is where a person has not only the right to enjoy but also the actual enjoyment of the thing. 1 Abbot's Law Dictionary, 220.

A chose in action includes all rights to personal property not in possession, which may be enforced by action; demands arising out of *torts* as well as contracts; it is sometimes used as the right of bringing an action. 57 Barbour, 408; 9 *Ib.*, 299; 19 Wend., 75; 43 Wis., 32; 14 S. C., 538; 4 Denio, 82.

The right to have the interest of an heir in an estate of a deceased ancestor, in the hands of his administrator, is a chose in action, and not a chose in possession; and where the same is in the wife, it will survive to her, upon the death of her husband before he reduces the same into possession.

The reversion of the lands which were assigned to the mother of Mrs. Sims as dower, as the widow of Mrs. Sims's father, was in the estate of the father, and when the same were sold and converted into money after the death of the tenant in dower, the right to have this money was and is a chose in action, and survives to Mrs. Sims, her husband being dead, and will defeat his creditor or heirs-at-law, he having failed to reduce the same into possession during his life. In *Sayre vs. Flournoy,* 3 *Ga.*, 541, it was held that the husband had no vested interest in his wife's choses in action until he reduced them into possession. The right of the husband to the distributive share of his wife in her deceased father's estate, is a mere naked right to sue for and reduce

the same to possession, and if he fails to do so during the coverture, the right survives to the wife; if she survives her husband, she is entitled to them, and not the representative of the husband. 2 Bl. Com., 351. This is the rule at law. Clancy Hus. and Wife, 109. Chief Justice Marshall, in Gallego *vs.* Gallego's Exrs., 2 Brock., 287, says: "The property does not become the husband's, nor is it subject to the liabilities. which attach to that which is his until it shall be reduced to possession. Till then his creditors have no claim to it." The case in 3 *Ga.* fully sustains the judgment of the court below. It can make no difference that the wife's interest in her deceased father's estate may consist in lands, real or personal property. The act of 1789 places real upon the same footing as personal property, as to the marital rights of the husband, and as to the distribution of intestates' estates. Prince's Digest, 225.

It is insisted that the case of *Prescott & Pace vs. Jones & Peavy*, 29. *Ga.*, 58, conflicts with the case of *Sayre vs. Flournoy*, 3 *Kelly*, above referred to. It will be seen that the case in 29 *Ga.* was an action of ejectment brought by the surviving husband to recover a wild lot of land to which the wife had full title during her life. The court, in this case, held that the title to this land passed to the husband, under the act of 1789, and he was entitled to the same. The wife acquired title as heir-at-law of a former husband, deceased, who had died, leaving her alone as his heir-at-law; it was, in law, in her possession, and consequently passed to the second husband, upon his marriage, as fully as it was in the wife before marriage; it did not consist of an undistributed estate, as in the case at bar. So this case is not in conflict with the case in 3 *Kelly.* And in the case of *Hooper vs. Howell*, 52 *Ga.*, 321, the wife claimed certain lands as having survived to her upon the death of her husband, and it appeared that the lands of the claimant's father had been divided, under his will, between his children, claimant being one before her marriage. It was held by the court that, as the land was wild

land, the husband had reduced it to possession, so far as the same was capable of being done; that the same vested in the husband, and descended to his heirs-at-law, and that the wife did not take by survivorship. It is quite manifest that the decision last quoted in nowise affects the present case. And so of the cases of *Shipp vs. Wingfield*, 46 *Ga.*, 593; *Rogers vs. Cunningham*, 51 *Ib.*, 40.

We are quite clear that the marital rights of Sims, the husband, never attached to the property sued for in this case, so as to prevent the same from passing to Mrs. Sims, the widow, by survivorship; and no judgment obtained against Sims in his lifetime has a lien upon this property in the hands of the administrator of Mrs. Sims's father for distribution among his heirs; that she will take her one-eighth interest, free from any debts or liens against her deceased husband; that this is her property, and does not go to the representative of her deceased husband; and that this is so because, it being a chose in action and not a chose in possession, and never having been reduced into possession by the husband, while in life, it passes to, and becomes the property of, the wife by survivorship.

Judgment affirmed.