### *In re* DASENT.

*(Supreme Court, Special Term, New York County.   June 25, 1888.)*

MUNICIPAL CORPORATIONS—LIABILITIES—EXAMINATION OF CLAIMANT BY COMPTROLLER.
    Under the consolidation act of New York city, (Laws N. Y. 1882, c. 410, § 123.) providing that the comptroller may require any person, presenting for settlement an account or claim against the corporation, to be sworn before him as to any facts relative to its justness, the word "claim" includes claims for damages for personal injuries.

At chambers.   On motion to set aside a subpœna.

Subpœna issued by the comptroller of New York city requiring Dasent to appear for examination as to his claim against the city for damages for personal injuries, which had been filed by him with the comptroller. The subpœna was issued under the consolidation act of New York city, (Laws 1882, c. 410, § 123,) which provides that "the comptroller may require any person, presenting for settlement an account or claim against the corporation, to be sworn before him touching such account or claim, and, when so sworn, to answer orally as to any facts relative to the justness of such account or claim."

*Roger Foster*, for the motion.   *Thomas P. Wickes*, Asst. Corp. Counsel, opposed.

LAWRENCE, J.   The motion to set aside the subpœna in this case will be denied.   The provision of the charter of the city of Buffalo, which was the subject of consideration in the case of *Howell* v. *City of Buffalo*, 15 N. Y. 513, materially differs from section 123 of the consolidation act. The language of the latter act is broader and more comprehensive than that of the former one, and there is no reason to be found in the context for restricting the meaning of the word "claim" in the New York act, such as the court held to exist in the charter of the city of Buffalo. It has been the practice for years for the comptroller to issue subpœnas, similar to that now under consideration, in actions for tort, for the purpose of investigating such claims; and in the more recent cases, wherever the power has been alluded to, it does not seem to have been called in question.   See *Reed* v. *Mayor, etc.*, 31 Hun, 311.   The order in that case, although reversed by the court of appeals, was not reversed on the ground that it was not necesssary to present a claim for damages arising in tort to the comptroller.   See 97 N. Y. 620.   See, also, as to the meaning of the word "claim" as used in this and similar statutes, *Dickinson* v. *Mayor, etc.*, 92 N. Y. 590; *Minick* v. *City of Troy*, 83 N. Y. 514; *Reining* v. *City of Buffalo*, 102 N. Y. 308, 6 N. E. Rep. 792; and remarks of RUGER, C. J., at bottom of page 310, and top of page 311.