### Doane v. Black et al.

Fish, C. J. 1. The first item of the will of John D. Swift, who died in 1841, was: "It is my will that my wife . . and my children [naming them, six in number] shall share an equal proportion of my estate, after my wife and [four named children] shall have a sufficient sum of money or property out of my estate to make them equal to the amount willed [to the other two children] by their grandfather, . . it being my desire to place them all on an equality." The second item was: "It is my will that my wife remain on the place of residence where I now reside, during her life or widowhood, and, in case she marries, for her to receive a child's part." The widow, who never remarried, lived on the land mentioned in the second item till 1848; subsequently it was occupied by her tenants till 1852, when she sold her interest therein. She died in 1907. Eliza R. Swift, one of the testator's daughters named in the will, married E. H. Gillespie in 1851. In November, 1853, a one-sixth interest in the land mentioned in the second item of the will was sold at sheriff's sale, as the property of E. H. Gillespie, under a judgment against him on a debt contracted in 1852, and was purchased by Allen E. Johnson, who took the sheriff's deed to the same. Johnson died in 1854, leaving as his only heirs at law two children, Dannie C. Doane and T. A. Johnson. In 1880 T. A. Johnson conveyed his interest in the land to Dannie C. Doane. E. H. Gillespie died in the fall of 1853, leaving his widow and one child, who died in infancy. Neither Gillespie nor his wife during coverture occupied the land mentioned in the second item of the will, or any part thereof, or collected rents or exercised any act of ownership over the land or any interest therein. *Held,* that Dannie C. Doane acquired no interest in such land; for the reason that under numerous decisions of this court it is well settled, that, "Prior to the Code of 1863, the marital rights of a husband did not attach to the real estate either owned by the wife at the time of the marriage or acquired by her during coverture, unless she was in possession of the same, or it was reduced to possession by the husband during coverture." *Arnold* v. *Limeburger,* 122 *Ga.* 72 (49 S. E. 812); *Sterling* v. *Sims,* 72 *Ga.* 51; *DeVaughn* v. *McLeroy,* 82 *Ga.* 687 (10 S. E. 211); *Hudgins* v. *Chupp,* 103 *Ga.* 484 (30 S. E. 301); *Callaway* v. *Irvin,* 123 *Ga.* 344 (51 S. E. 477); and the numerous authorities cited in these cases, especially in *DeVaughn* v. *McLeroy.* The vested remainder of Gillespie's wife, being upon the same footing as a chose in action (*McGinnis* v. *Foster,* 4 *Ga.* 377, *DeVaughn* v. *McLeroy,* supra), and he having died, she surviving, before she acquired the right of possession, was not subject to his debts, and Johnson, the purchaser at the sheriff's sale, took no title.

2. The case of *Prescott* v. *Jones*, 29 *Ga.* 58, was considered and explained in *Sterling* v. *Sims*, *DeVaughn* v. *McLeroy*, and *Hudgins* v. *Chupp*, supra; and the cases of *Shipp* v. *Wingfield*, 46 *Ga.* 593, *Rogers* v. *Cunningham*, 51 *Ga.* 40, and *Findley* v. *Sasser*, 62 *Ga.* 177, were analyzed and explained in *DeVaughn* v. *McLeroy*.

*Judgment affirmed. All the Justices concur.*

Argued February 9,—Decided April 16, 1909.

Partition. Before Judge Lewis. Morgan superior court. June 19, 1908.

*Westmoreland Brothers,* for plaintiff in error.

*Cobb & Erwin, F. M. Johnson, S. H. Sibley, Q. L. Williford,* and *M. C. Few,* contra.