# Bishop *v.* Big Sandy Lumber Co.

### Personal Injury Action.

(Decided April 5, 1917.  74 South. 931.)

1. Guardian and Ward; Compromising "Claim."—"Claim" in Code 1907, section 4391, empowering the probate court to authorize a guardian to compromise any claim or debt due, or claimed to be due, the ward, which is of doubtful collection, includes a demand arising out of tort.

[Bishop v. Big Sandy Lumber Co.]

2. **Judgment; Collateral Attack.**—Decree of probate, confirming settlement by a guardian of the ward's claim, duly authorized in a statutory proceeding, cannot be attacked collaterally.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Tena Bishop, by next friend, against the Big Sandy Lumber Company, for injuries sustained while in its employment. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts sufficiently appear. The fourth plea sets up the appointment of the guardian for Tena Bishop by the judge of probate of Tuscaloosa county, and a full settlement under orders of the probate court, on petition by the guardian of the matters complained of, and a full release and settlement for the sum of $100 paid to said guardian, and approved by the probate court, and that the injury herein sued for is the same injury for which the settlement is made, and the petition and order of the probate court authorizing the settlement, and the decree confirming the settlement, are made an exhibit to plea 4. The replications to this plea are: False and fraudulent representations, entering into the petition, as to the injury which induced the order in the decree, and collusion between defendant and plaintiff's alleged guardian, and no legal consent on the part of plaintiff that the application be filed in said court falsely and fraudulently representing the injury.

SMITH & MORROW for appellant. MOODY & MOODY and FOSTER, VERNER & RICE for appellee.

THOMAS, J.—The several assignments of error challenge the overruling of plaintiff's demurrer to defendant's special plea, and the sustaining of defendant's demurrer to plaintiff's replications from 1 to 10, inclusive.

The facts averred in the pleadings are that on or about October 25, 1911, the plaintiff, Bishop, a minor, while working for the defendant, Big Sandy Lumber Company, sustained a personal injury; that on November 21, 1911, one Mills was by the probate court of Tuscaloosa county duly appointed guardian for said minor; that said guardian effected a compromise of the ward's claim against the lumber company, whereby the company paid over the sum of $100 and, in consideration thereof, the guardian executed to the company a receipt, in full release and discharge of all claim and liability against the company for said

injury, and that, on November 27, 1911, said probate court made an order in the matter of said guardianship duly confirming said compromise. About two years thereafter, on January 19, 1914, said minor, by his next friend, Annie Bishop, brought suit against the Big Sandy Lumber Company for the said injuries. Demurrers to the complaint being overruled, defendant filed a special plea of satisfaction or full settlement of said claim with plaintiff's guardian, made pursuant to appropriate order of the probate court confirming the compromise; such court at that time having jurisdiction in matters such as said ward's estate, and under express statutory provision.

(1) No assignment of error other than that presented by said rulings on the respective demurrers is insisted on by counsel for appellant.—*Harper v. Raisin Fertilizer Co.*, 148 Ala. 360, 42 South. 550; *Fitts v. Phoenix Auction Co.*, 153 Ala. 635, 45 South. 150; *Georgia Cotton Co. v. Lee*, 196 Ala.. 599, 72 South. 158. May, then, a guardian obtain authority from the probate court to compromise all the claims of his ward? By the Code of 1907, and section 4391 thereof, it is provided: "The court of probate may authorize a guardian to compromise any claim or debt due, or claimed to be due, the ward, which is of doubtful collection (either by reason of the doubtful solvency of the debtor, or of the doubtful validity at law or in equity of the said claim or debt), and has not become so by reason of the negligence of the guardian."

This is a codification of the act of February 19, 1907 (Gen. Acts, p. 114, § 1), which amended section 2301 of the Code of 1896, reading: "The court of probate may authorize a guardian to compromise any claim or debt due  *  *  *  the ward, which is doubtful of collection,  *  *  *  and has not become. so by reason of the negligence of the guardian."

The addition to the statute of the words, "or claimed to be due," and of the expression, "either by reason of the doubtful solvency of the debtor, or of the doubtful validity at law or in equity of the said claim or debt," after the words, "collection," is to effectuate the declared legislative intent to extend the statute, to the end of authorizing and facilitating a prompt and just administration of the ward's estate in a court having general jurisdiction of the same.

What, then, is the meaning of the words of the statute, "any claim or debt due, or claimed to be due, the ward?" In *Barrett*

*v. City of Mobile,* 129 Ala. 179, 30 South. 36, 87 Am. St. Rep.
54, the court held that the word "claim," as used in the charter
of the city, comprehends or includes "charges" against the city
arising in tort as well as ex contractu.—*City of Birmingham v.
Chestnutt,* 161 Ala. 253, 49 South. 813.   The expression, "claim
against a city," has been given a like general meaning in New
York.—*In re. Dasent* (Sup.) 2 N. Y. Supp. 609; *Pulitzer v. City
of New York,* 48 App. Div. 6, 62 N. Y. Supp. 588.   So by the
construction given the statute, authorizing a personal repre-
sentative to compromise doubtful claims of the decedent's estate,
such representative's authority has been held to extend to all
choses in action (*Butler v. Gazzam,* 81 Ala. 491, 1 South. 16;
*Waring v. Lewis,* 53 Ala. 616; *Miller v. Irby,* 63 Ala. 477; *Carr v.
Illinois Central R. R. Co.,* 180 Ala. 159, 60 South. 277, 43 L. R. A.
[N. S.] 634), and also to a claim for damages for the negligent
killing of the plaintiff's intestate, settlement of which may be
made without the authority of the probate court.—Code, § 2602,
et seq.; *Logan v. Cent. I. & C. Co.,* 139 Ala. 548, 36 South. 729;
*Loveman v. B. R., L. & P. Co.,* 149 Ala. 515, 43 South. 411;
*Sterling v. Sims,* 72 Ga. 51, 53.

A chose in action includes all rights to personal property
not in possession which may be enforced by action, and demands
arising out of torts as well as out of contracts.   The term is
sometimes used in the sense of a right to bring an action.—*Ram-
sey v. Gould,* 57 Barb. (N. Y.) 408; *People v. Tioga,* 19 Wend.
(N. Y.) 75; *Gibson v. Gibson,* 43 Wis. 32, 28 Am. Rep. 527;
*Gillet v. Fairchild,* 4 Denio (N. Y.) 82; *Sterling v. Sims, supra;*
2 Black, Com. 338, 396, 397.

In *Echols, et al. v. Speake,* 185 Ala. 149, 64 South. 306, Ann.
Cas. 1916C, 332, it was held that the guardian of a minor has the
same jurisdiction over the choses in action belonging to his ward
that the executor has over the personal property of his testator.
—*Mason v. Buchanan,* 62 Ala. 110; *Woodward v. Donally,* 27 Ala.
198; *Field v. Schieffelin,* 7 Johns. Ch. (N. Y.) 154, 11 Am. Dec.
441; 2 Kent's Com. 293; *Ellis v. Essex M. Bridge,* 2 Pick. (Mass.)
243; *Inwood v. Twyne,* Amb. 419.

The court of probate having duly authorized the guardian to
compromise the claim of his ward for the personal injury, in a
statutory proceeding for the requisite authority, the decree of
the court cannot be questioned collaterally and operated as a

[McDaniel v. McDaniel.]

bar to the prosecution of the suit in the instant case, being in that behalf properly pleaded.

The demurrer was properly sustained to plaintiff's replications to defendant's plea No. 4.

The judgment of the lower court is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.