# Mason *v.* Buchanan.

*Motion by Ward to revive Judgment in favor of Guardian.*

1. *Deed; consideration of, what may be shown by parol.*—Although the consideration of a deed is stated to be money paid to the grantor, it may be shown by parol that the real consideration was the extinguishment of a debt of the grantor; both considerations being of the same kind or degree, and the admission of the parol evidence not varying or contradicting the legal effect of the instrument.

2. *Guardian; power of, over choses in action belonging to ward.*—A guardian has the same power as an executor, with respect to choses in action coming into his hands for administration, and may, if circumstances render it proper, to save the ward from loss, accept property, real or personal, in payment of a judgment in his favor ; and those acting with him in good faith in that respect, are discharged as fully as if payment had been made in money, though if the propriety of the guardian's action is questioned, the burden rests on the guardian to show the existence of the circumstances which vindicate his conduct.

3. *Credit; what improperly allowed.*—When a guardian having two judgments in favor of his wards, against the same person, accepts a conveyance of lands of value less than the amount of the two judgments, from such person as payment to the extent of the consideration expressed in the deed, it is error to allow the guardian full credit for the amount on one of the judgments only, in the absence of proof showing that the conveyance was accepted solely in satisfaction of such judgment.

APPEAL from Jackson Probate Court.

This was a motion by the appellant, James E. Mason, in the Probate Court, to revive a judgment rendered in said court against the appellee, James M. Buchanan, as the administrator *de bonis non* of the estate of his father, Winfield S. Mason, and in favor of one B. W. Mason as the guardian of appellant, who was then a minor. The motion alleged that the decree rendered on the settlement was wholly unsatisfied and still in full force. It appeared that Winfield S. Mason died intestate, leaving his widow, appellant, and one daughter, Frances W. Mason, as his heirs at law. B. W. Mason was also guardian of said Frances, and a decree in his favor as her guardian had been rendered against appellee, Buchanan, on the settlement of his administration. The appellee pleaded payment of the decree, and in support of his plea he offered in evidence the record of a deed from himself and wife to B. W. Mason, which, for the consideration of one

VOL. LXII.

[Mason v. Buchanan.]

thousand dollars, conveyed to said Mason certain real property. This deed was objected to, on the ground that it was illegal and irrelevant : 1. Because the original deed had not been produced, or its absence accounted for. 2. Because it had not been shown that the deed had been accepted by the guardian of appellant. 3. Because the only purpose for which the deed was introduced, was to show by and in connection with parol testimony that the consideration therein expressed was not paid in money, but was, in fact, paid by giving credit on the judgment in favor of Mason as guardian of appellant. The court overruled the objection, and admitted the record of the deed, and appellant excepted. The defendant then showed, by parol testimony, that the guardian of appellant and his sister had taken possession of the land conveyed by said deed, and had rented out the same, in connection with other property belonging to them, until his death, and that the succeeding guardian had also taken possession of and rented the premises. It was not shown that the judgment rendered in favor of Mason, as guardian of Frances W. Mason, had ever been paid. The Court of Probate ordered a credit for the sum of one thousand dollars, as of the date of the execution of the deed, to be entered on the decree, and revived the decree as to the remainder, in the name of appellant. The admission of the deed and the decree rendered, are now assigned as error.

CLOPTON, HERBERT & CHAMBERS, HUNT & TALLY, and W. H. NORWOOD, for appellant.

ROBINSON & BROWN, contra.

BRICKELL, C. J.—It is not necessary to pass severally on the various objections to evidence, shown by the bill of exceptions. There was sufficient evidence of the acceptance of the deed by the guardian of the appellant, and as it was acknowledged and recorded according to the statute, a transcript of the record, without producing the original, was evidence for the appellee.—Code of 1876, § 2154. Though the recital of the consideration was money paid, there was no objection to parol evidence that it was not money, but the extinguishment of a debt of the grantor. The two considerations are of the same kind and degree, and in the absence of fraud, either may be shown as the real consideration.—Eckles v. Carter, 26 Ala. 563 ; Hair v. Little, 28 Ala. 236.

The decree having been rendered in favor of the guardian, he was charged with the duty and authority of collecting it, as he was of all other choses in action of the ward. Over

the personal assets of a ward, a guardian had at common law a large authority. He could sell or transfer them, and those dealing with him fairly and justly, were protected though his intent was fraudulent, or he may have been negligent in the exercise of his authority.—*Fields v. Schieflin*, 7 Johns. Ch. 150; *Bank of Virginia v. Craig*, 6 Leigh, 428; *Woodward v. Donally*, 27 Ala. 198. The statutes have, in some respects, abridged the power of the guardian to sell the personal assets, requiring that sales shall be made under orders or decrees of the Court of Probate from which he derives his appointment, but they have not diminished his power to collect or discharge the choses in action of the ward. As to these, he may exercise the power which an executor or administrator may exercise over choses in action, coming to his hands for administration. A want of diligence in the exercise of the power will render him liable, but third persons dealing with him in good faith, are not the guarantors of his prudence; they answer only for their own fair dealing. Circumstances may require that he should accept in payment, property, real or personal, to save the ward from loss. There is no want of power on his part, and if those who pay him act in good faith, the debt is as fully discharged as if the payment had been made in coin. When real estate is accepted by a guardian in payment of a debt due the ward, it is not regarded as a conversion of personal into real assets, but rather as an expedient or mode of collecting a debt.—*Foscue v. Lyon*, 55 Ala. 440. Whether such expedient should be adopted, rests in his discretion. If adopted, it is at the peril of vindicating it, if the ward should subsequently question the propriety of his conduct. Bonds with sureties are required of him to protect the ward against his improvidence, as well as his willful misconduct. But whether he is diligent or not as to the debtor, if he is guilty of no fraud, or collusion, the debt is discharged.—*Warring v. Lewis*, 53 Ala. 6ʻ2. In the present case there is no room for the imputation of fraud or collusion, to the guardian or debtor; nor are facts shown which would charge the guardian with a want of diligence. The Court of Probate did not, consequently, err in holding that the decree was satisfied to the extent that the conveyance of the real estate was accepted as satisfaction.

The evidence, however, most strongly tends to show that the conveyance was executed not solely in payment of the decree in favor of appellant, but in payment also of a similar decree in favor of his sister, Francis W., of whom B. W. Mason was at the time guardian. There is no evidence that the latter decree was otherwise paid, and the guardian seems to have rented the real estate after its conveyance, as he did

other real estate held jointly by the appellant and his sister. Without evidence that the conveyance was accepted solely in satisfaction of the decree in favor of the appellant, the court should not have applied exceeding one-half of the consideration to the payment of that decree.

For this error the decree must be reversed and the cause remanded.