## MULLEN v. WINE.

*Circuit Court, D. Colorado.* January 18, 1886.

PUBLIC LANDS—ADDITIONAL HOMESTEAD—ACT OF JUNE 8, 1872—RIGHT TO LO-
CATE AND ENTER PERSONAL PROPERTY—SALE BY GUARDIAN.

The right of the children of a deceased soldier to locate and enter 80 acres of public land as an additional homestead under the act of June 8, 1872, is personal property, and may be sold and assigned to a third party by their guardian.

In Equity.

*L. S. Dixon* and *Thomas & Thomas,* for complainant.

*J. F. Franke,* for defendant.

BREWER, J. My opinion in this case will be brief, because the character of the questions and the amount in controversy give, in addition to statements of counsel, assurance that the case will be taken to the supreme court for final decision. The pertinent facts for any opinion I express are these: Under the act of congress of date June 8, 1872, entitled "An act to amend 'An act relating to soldiers' and sailors' homesteads,'" Lucy Phillips and Hattie Phillips, minor children of William Phillips, deceased, were entitled to locate and enter 80 acres of public lands as an additional homestead. They resided in Minnesota, and their guardian sold this right, and received full pay therefor. Plaintiff claims under location and title made in pursuance of this sale. After the sale of this right, and the location and entry, (which was in the names of the minors,) defendant acquired his deed and title from them.

There are really but two questions in the case: *First,* was this right to locate and enter, personal property? *Second,* was it assignable? For that the guardian, under the laws of Minnesota, could, without any order of court, sell personal property belonging to his ward, is conceded. That he did sell this right, and did receive the stipulated price, is beyond doubt. If the title once passed from the minors to Talbot, that is the end of the matter. Any wrong in the location and entry, if wrong there was, was one which only the government could challenge; and could not be made by a private individual, even the minors themselves, the basis of attacking complainant's title.

Now, this right to enter and locate 80 acres was a thing of value,—something which enlarged the estate of the minors,—was property. It was personal property, going with them where they went; could be exercised and enjoyed anywhere; did not descend to the heir; was not attached to any particular tract of land; was therefore neither permanent, fixed, nor immovable. It was a mere right of selection and taking. Like all property, it was the subject of sale. The right to sell property need not in terms be granted; it exists if it is not in terms withheld. To preserve the Indian's title an express restriction is inserted in the patent. The same or something equivalent is always necessary to stay the power of disposal which attends the ownership of property. When this right has been exercised, the location and entry made, who would doubt the right to sell the land? Yet why should the right to sell exist after entry and not before? Congress has placed no restriction,—who may? It must be borne in mind that this is not a case in which there is to be future consideration or future duty. It is personal, in that only they of a certain class can avail themselves of the gift. It is not personal in the sense that future services or future conditions are imposed. Services already rendered during the war are the consideration. The homestead duty of occupation or improvement has already been performed. It amounts simply to this: In view of what has been done Congress makes this gift. It places no restrictions on the donee, but leaves him to use the gift as he sees fit. Why may he not sell it?

I see no satisfactory reason to the contrary. Hence I answer the two questions in the affirmative. Decree will be entered in favor of the complainant.