MACLAY *v.* EQUITABLE LIFE ASSURANCE SOCIETY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 281. Argued and submitted March 14, 1894. — Decided March 26, 1894.

A guardian of a minor, to whom a policy of life insurance on the tontine dividend plan is payable, is authorized, after the completion of the tontine dividend period, and upon receiving its actual surrender value, to discharge the policy, without any order of court; notwithstanding the provisions of the statutes of Mississippi, authorizing him to obtain an order of court for the sale of personal property, or for the sale or compromise of claims.

THIS was an action, brought February 12, 1889, in the civil district court for the parish of Orleans in the State of Louisiana, by Robert P. Maclay, a citizen of Louisiana, and tutor of Mason Snowden, a minor child and sole issue of Samuel H. Snowden and Mary Louisa, his wife, against the Equitable Life Assurance Society of the United States, a corporation of New York; and removed by the defendant into the Circuit Court of the United States for the Eastern District of Louisiana; to recover the sum of $10,000, with accrued dividends, less any amounts due for premiums, upon a policy, dated July 6, 1870, by which the defendant, in consideration of the sum of $67.70 paid by Mrs. Snowden, and of quarterly

premiums of a like sum to be paid on the fifth days of October, January, April and July in every year during the continuance of the policy, insured "the life of the said Samuel H. Snowden, of New Orleans, in the parish of Orleans, State of Louisiana, for the sole use of the said wife, in the amount of $10,000, for the term of his natural life;" and promised to pay that amount at its office in the city of New York to her, if living, and, if not living, to his children, "or their guardian, for their use," or, if there should be no such children surviving, then to his executors, administrators or assigns, in sixty days after due notice and satisfactory proof of his death during the continuance of the policy, the balance of the year's premium, if any, being first deducted therefrom.

The policy declared that it was "issued and accepted by the assured upon the following special agreements and conditions, relative to tontine dividend policies:

"First. That this policy is issued under the tontine dividend plan, class A.

"Second. That the tontine dividend period for this policy shall be completed on the first day of June in the year eighteen hundred and eighty-six.

"Third. That no dividend shall be allowed or paid upon this policy, unless the person whose life is hereby assured shall survive until the completion of its tontine dividend period, and unless this policy shall be then in force.

"Fourth. That all surplus or profits derived from such policies, in any class on the tontine dividend plan, as shall cease to be in force before the completion of their respective tontine dividend periods, shall be apportioned equitably among such policies of the same class as shall complete their tontine dividend periods.

"Fifth. That the tontine dividend, when made, shall be applied only to the purchase of an annuity to reduce premiums during the whole subsequent continuance of this policy; and that the first payment of such annuity shall be due at the commencement of the assurance year of the policy immediately succeeding the year in which the tontine dividend period of this policy shall be completed; provided, that if in any year

the amount derived from dividends on this policy shall exceed the amount of premiums due thereon, the excess shall be paid in cash to said Samuel H. Snowden or assigns.

"Sixth. That previous to the completion of its tontine dividend period this policy shall have no surrender value in cash or in a paid-up policy."

Mrs. Snowden died August 3, 1883, in the State of Mississippi. Under the laws of Mississippi, Samuel H. Snowden was appointed by the chancery court of Wilkinson county in that State on December 4, 1883, administrator of her personal estate, and gave bond as such, describing himself as of that county and State; and on March 4, 1884, was appointed by the same court, guardian of the person, and of the estate, real and personal, of their child.

On July 19, 1886, the tontine period on the policy having been reached, and the policy having a surrender value, which was proved to have been $3170.40, Samuel H. Snowden, as such guardian, without any application to said chancery court for an order specially authorizing him to do so, requested of the defendant payment of this surrender value, and received the full amount thereof, and gave the defendant a receipt therefor, attaching to his receipt his letters of guardianship.

On March 9, 1888, Samuel H. Snowden died. On April 5, 1888, the plaintiff was appointed and qualified, in Louisiana, tutor of the minor, and afterwards brought this action.

The question in controversy was whether the receipt of the surrender value of the policy by Samuel H. Snowden, as guardian of the minor, was a discharge of the policy.

Upon proof of the foregoing facts, the plaintiff requested the court to instruct the jury " that the receipt of the said amount and discharge of the policy was invalid, and did not bind the ward; and the said guardian, S. H. Snowden, in receiving it and in attempting to discharge the insurance policy, had no authority of the court or of a family meeting or any other authority, excepting that which was vested in him as guardian of the minor under the laws of Mississippi; that the transaction was either a compromise or a sale of a debt,

and therefore was contrary to sections 2065, 2106 and 2110 of the Revised Statutes of Mississippi of 1880," which are copied in the margin.[1]

The court refused to give each of the instructions requested; and instructed the jury "that the transaction on the part of the former guardian, by which he received the surrender value of the policy, was neither a compromise nor a sale of a debt, but, on the other hand, was the collection of a debt which was due in the alternative at the option of the guardian, and that the guardian had authority as a common-law guardian under the laws of Mississippi to make such collection."

The plaintiff excepted to the refusal to give each of the instructions requested, as well as to the instructions given; and, after verdict and judgment for the defendant, tendered a bill of exceptions, and sued out this writ of error.

*Mr. Frank L. Richardson,* for plaintiff in error, submitted on his brief.

*Mr. Charles B. Alexander* for defendant in error.

---

[1] Sec. 2065. The chancery court may, by decree, authorize any executor or administrator to sell or compromise any claims due the estate, which cannot be readily collected, if the executor or administrator shall petition for that purpose, and shall show that such sale or compromise will promote the interests of the estate. But no such order of sale shall be made until twelve months have elapsed from the grant of the letters. And if a sale be ordered, it shall be made at the court-house door for cash to the highest bidder; but the executor or administrator shall first give twenty days' notice of the time and place of such sale, by advertising the same in a newspaper printed in the county, if there be such, but if not, then in a newspaper published in some convenient county. And the executor or administrator shall make report in writing, of sales and compromises made according to the provisions of this section, to the next succeeding term of the court, which may then be confirmed, unless good cause be shown for setting the same aside.

Sec. 2106. The court may order a sale of personal property of a ward, whenever the interest of such ward will be promoted thereby, which sale shall be made as directed by the court.

Sec. 2110. Guardians may be empowered by the court to sell or compromise claims due their wards, on the same terms prescribed in reference to the sale or compromise of claims due estates of deceased persons.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

By the terms of the policy sued on, the amount of the insurance upon the life of Samuel H. Snowden was payable, after notice and proof of his death, to his wife, if living, and if not living, to his children, or their guardian, for their use.

It was proved at th₃ trial that the wife died in Mississippi; that the husband was thereupon appointed, under the laws of Mississippi and by the chancery court of the county of Wilkinson in that State, administrator of her estate, and guardian of the person and property of their only child; and that he described himself, in his administration bond, as of the same county and State. It may be assumed, therefore, that the domicil of himself and his ward at that time was in Mississippi; and it is not suggested that he was not lawfully appointed guardian.

A guardian, unless his powers in this respect are restricted by statute, is authorized, by virtue of his office, and without any order of court, to sell his ward's personal property and reinvest the proceeds, and to collect or compromise and release debts due to the ward, subject to the liability to be called to account in the proper court if he has acted without due regard to the ward's interest. *Lamar* v. *Micou*, 112 U. S. 452, 475; *Field* v. *Schieffelin*, 7 Johns. Ch. 150, 154; *Ellis* v. *Essex Merrimac Bridge*, 2 Pick. 243; *Ordinary* v. *Dean*, 15 Vroom, (44 N. J. Law,) 64, 67; *Pierson* v. *Shore*, West Ch. 711; *S. C.* 1 Atk. 480; *Inwood* v. *Twyne*, Ambler, 417, 419; *S. C.* 2 Eden, 148, 152.

In the case at bar, the validity of the receipt by the father, as such guardian, of the surrender value of the policy, in discharge of all further claim under it, is contested by the plaintiff, (appointed in Louisiana, since the father's death, tutor or guardian of the minor,) upon the ground that it was a compromise or sale of a debt due the ward, unauthorized by the law of Mississippi, because the statutes of that State provide that the chancery court may empower a guardian to sell

personal property of his ward, or to sell or compromise claims due to the ward, as therein directed. Miss. Rev. Stat. of 1880, §§ 2065, 2106, 2110.

But those statutes, limiting the general power of disposition which executors and administrators, as well as guardians, had at common law, have been strictly construed by the Supreme Court of Mississippi. *Bland* v. *Muncaster*, 24 Mississippi, 62, 65. Sales of personal property by executors or administrators have been held by that court to be void, because of other provisions of the statutes, making an order of court essential to the validity of such sales, except in specified cases. See §§ 2032, 2033, 2035, 2038, 2077; Hutchinson's Code, c. 49, § 109; *Cable* v. *Martin*, 1 How. (Miss.) 558, 561; *Worten* v. *Howard*, 2 Sm. & Marsh. 527, 529; *Gelstrop* v. *Moore*, 26 Mississippi, 206, 209. But the statutes relied on, so far as they relate to guardians, would seem to be permissive and not restrictive, and only to provide a mode by which the guardian may obtain in advance a judicial approval of such a sale or compromise, and thereby, in the absence of fraud, establish that it is for the interest of the ward, instead of leaving that fact open to dispute at a future day.

However that may be, the guardian was certainly authorized to collect for the benefit of his ward any amount due under the policy, and had the right and the duty to elect, either to keep it in force by paying the premiums, or to surrender it in consideration of being paid at once its surrender value, whichever appeared to be most beneficial to the ward. *Cocke* v. *Rucks*, 34 Mississippi, 105, 108; *Martin* v. *Tarver*, 43 Mississippi, 517; *Berry* v. *Parkes*, 3 Sm. & Marsh. 625; *Chapman* v. *Tibbits*, 33 N. Y. 289. The amount received was proved to be the surrender value of the policy; and there is nothing to show, or even to raise a suspicion, that the action of the guardian was not for the best interest of the ward, upon the state of facts then existing.

Under the circumstances of this case, therefore, it was rightly held by the court below, that the transaction in question was neither a compromise nor a sale of a debt, but was the collection of a debt due in the alternative at the option of the guar-

dian, and was one which he had authority to make under the laws of Mississippi.

The case is quite different from *Hayes* v. *Massachusetts Life Ins. Co.*, 125 Illinois, 626, cited by the plaintiff, in which, after the death of the man whose life was insured, the guardian of his children gave up the policy in consideration of a payment of about half its amount.

*Judgment affirmed.*