# Echols, et al. v. Speake.

Bill to Determine to Whom Notes and Mortgages are Payable.

(Decided December 18, 1913. Rehearing denied February 5, 1914. 64 South. 306.)

Guardian and Ward; Authority of Guardian; Sale of Personal Property of Ward.—The guardian of a minor has the same jurisdiction over the choses in action belonging to his ward as the executor has over the personal property of his testator, and hence, the guardian may assign and transfer notes belonging to his ward's estate, but does so at his peril, and the peril of his bondsmen.

(McClellan, J., dissents.)

APPEAL from Morgan Chnacery Court.

Heard before Hon. W. T. LOWE, Special Chancellor.

Bill by D. W. Speake against James L. Echols and others, to determine to whom a note and mortgage was payable. From a decree granting relief, respondents appeal. Reversed and rendered.

The case made by the bill is: That the complainant became indebted to one William C. Preston, a minor, in the sum of $1,500, and, to secure the payment of said indebtedness, executed a mortgage to secure five promissory notes, each in the sum of $300, bearing date August 11, 1906, and maturing, respectively, on the 1st of August, 1907, 1908, 1909, 1910, and 1911; said notes

bearing interest from date and the interest being payable annually. That, after the execution of the notes and mortgages, Preston, the guardian, discounted the notes falling due in 1907 and 1908, and transferred them and the mortgage to secure them to one Samuel Irwin, without the consent of complainant or without his knowledge, and it is also alleged on information and belief that Irwin transferred, before the first note matured, the said notes and mortgages transferred to him to one James L. Echols; the same being without recourse on said Irwin, and being made without the consent or instigation of complainant. That on August 20, 1907, complainant paid to Preston, as guardian of said minor, the first of said notes, and the interest on the other four notes, and declined to pay said note to Echols, believing that he had no right or title thereto. It is then alleged that Marvin West had succeeded William C. Preston as guardian of the minor Harry Preston. That Echols is threatening to proceed by foreclosure to collect the two notes, and that West, the guardian, is demanding of complainant the payment of the note, with interest thereon, and that complainant is ready, able, and willing to pay and discharge the debt as soon as it can be ascertained to whom it is payable. The notes and mortgages are made exhibits, and both Echols and West answered; each setting up their respective claims. Upon the pleadings and proof and the testimony noted, chancellor held and decreed that the sale by Preston of the note passed no interest to his transferees, and that the title to said notes and mortgages remained in the guardian, and directed the surrender and delivery of the notes and mortgages to the guardian.

OSCEOLA KYLE, for appellant. At common law, a guardian had the power to sell the personal estate of

his ward without an order of court.—*Woodward v. Donnelly*, 27 Ala. 198; 152 U. S. 499; 112 U. S. 452; 7 John Ch. 150. The effect of sec. 4398, Code 1907, is for the better protection of an executor or administrator, and does not prohibit him from selling a claim without the authority of the court.—*Logan v. Central I. & C. Co.*, 139 Ala. 556; sec. 2602, Code 1907; 1 L. R. A. 304; 152 U. S. 499. There is no equity in the bill.—*Briant v. Reid*, 14 N. J. E. 276; 25 Cyc. 5, 6; 27 Miss. 289.

CALLAHAN & HARRIS, and WERT & LYNNE, for appellee. The bill was properly filed as a bill for interpleader.—11 Enc. P. & P. 446; *Kyle v. Mary L. C. & Ry. Co.*, 112 Ala. 610; *Connelly v. Ala. G. L. Co.*, 67 Ala. 475; *Hayes v. Johnson*, 4 Ala. 267. The cross-bill was wholly improper and the court properly sustained demurrer thereto.—*O'Neal v. Perryman*, 102 Ala. 522; *Tutwiler v. Dunlap*, 71 Ala. 126; *Whitfield v. Riddle*, 70 Ala. 104; *Davis v. Cook*, 65 Ala. 617. The guardian was without authority to sell the property of his ward without an order of court.—Secs. 4376, 4377, Code 1907; *Butler v. Merchants I. Co.*, 14 Ala. 797; *Hudson v. Helms*, 23 Ala. 589; *Wier v. Davis*, 4 Ala. 445; *Ikelheimer v. Chapman*, 32 Ala. 683; *Mason v. Buchanan*, 62 Ala. 112.

DE GRAFFENRIED, J.—In the case of *Mason v. Buchanan*, 62 Ala. 110, this court, through BRICKELL, C. J., speaking of the authority of a guardian over the choses in action of his ward, said: "As to these, he may exercise the power which an executor or an administrator may exercise over choses in action coming into his hands for administration. A want of diligence in the exercise of the power will render him liable, but third persons, dealing with him in good faith, are not the guarantors of his prudence; they answer only for their

own fair dealing." While much was said by this court in that case which was unnecessary to a determination of the question then before the court, we take it that the quoted excerpt from the opinion is but a statement of the common-law rule on the subject, and it is a familiar proposition that statutes are not to be held to abolish a well-established rule of the common law unless it plainly appears that it was the legislative purpose to abolish the common-law rule.—*Cook v. Meyer,* 73 Ala. 580.

In the case of *Butler v. Gazzam,* 81 Ala. 493, 1 South. 17, this court said: "Our past decisions sustain the rule that the executor or administrator has the full legal title to all choses in action due the estate of the decedent, and that he may, in the absence of fraud or collusion, release, compound, or discharge them as fully as if he were the absolute owner, being answerable only for any improvidence in the exercise of the power." This quoted rule was approved by this court in *Logan, Adm'r, v. Central Iron & Coal Co.,* 139 Ala. 548, 36 South. 729, and we take it that the quoted rule clearly indicates that an administrator certainly before the adoption of the Code of 1907, may sell, without an order of the court, at his peril and the peril of his bondsmen, the choses in action of the estate of his intestate. If, then, this court, in *Mason v. Buchanan, supra,* was correct in its statement of the law that a guardian may exercise the power which an executor or administrator might exercise, as above stated, over the choses in action of his intestate, then it would follow, as a necessary conclusion, that a guardian, without an order of court, may, at his peril and at the peril of his bondsmen, sell the choses in action of his ward.—*Schmidt v. Shaver,* 196 Ill. 108, 63 N. E. 655, 89 Am. St. Rep. 250.

In a note by Mr. Freeman to the above case of

[Echols, et al. v. Speake.]

*Schmidt v. Shaver,* which note is to be found in 89 Am.
St. Rep. 281, we find the following:

"(1) General Rule.—Except in South Carolina, the
right of a guardian, in the absence of a statute, to dis-
pose of the personal property of his ward is well set-
tled. As is said in *Wallace v. Holmes,* 9 Blatchf. 65,
Fed. Cas. No. 17,100: 'His duty to pay debts and to
provide for the support, maintenance, and education of
the ward, and generally to manage the estate,  *  *  *
all imply the power of the guardian in this respect. In
this management, he is under a rigid responsibility, not
only for the property, but for its management and dis-
posal for the best interests of the ward.' It is therefore
the rule, supported by the great weight of authority,
that a guardian may, without application to, or an or-
der of court, sell the personal property of his ward.—
*Woodward v. Donnally,* 27 Ala. 198; *Lee v. Lee,* 55 Ala.
590; *Mason v. Buchanan,* 62 Ala. 110; *McConnell v.
Hodson,* 7 Ill. [2 Gilman] 640; *Schmidt v. Shaver*
(principal case) 196 Ill. 108, 63 N. E. 655 [89 Am. St.
Rep. 250]: *Schmidt v. McBean,* 98 Ill. App. 421; *Hum-
phrey v. Buisson,* 19 Minn. 221; [Gil. 182]; *Field v.
Schiefflin,* 7 Johns. Ch. [N. Y.] 150, 11 Am. Dec. 441;
*Thomas v. Bennett,* 56 Barb. [N. Y.] 197; *Tuttle v.
Heavy,* 59 Barb. [N. Y.] 334; *Truss v. Old,* 6 Rand.
[Va.] 556, 18 Am. Dec. 748; *Bank of Virginia v. Craig,*
6 Leigh [Va.] 399; *Maclay v. Equitable Life Ass'n Soc.,*
152 U. S. 499, 14 Sup. Ct. 678 [38 L. Ed. 528]; *Mullen
v. Wine* [C. C.] 26 Fed. 206; *Wallace v. Holmes,* 9
Blatchf. 65, Fed. Cas. No. 17,100. A guardian may
therefore dispose of his ward's interest in a patent right
(*Wallace v. Holmes,* 9 Blatchf. 65, Fed. Cas. No. 17,-
100), a right to locate public land as a homestead (*Mul-
len v. Wine* [C. C.] 26 Fed. 206), or a judgment in
favor of his ward (*Schmidt v. Shaver* [principal case]
196 Ill. 108, 63 N. E. 655 [89 Am. St. Rep. 250]).

"(2) Assignment of Choses in Action.—The most frequent exercise of this right is, however, in the sale and assignment of promissory notes or other choses in action, in the larger number of cases secured by mortgage. The right of the guardian to assign is in such case undoubted (*McConnell v. Hodson*, 7 Ill. [2 Gilman] 640; *Humphrey v. Buisson*, 19 Minn. 221 [Gil. 182]; *Tuttle v. Heavy*, 59 Barb. [N. Y.] 334; *Field v. Schieffelin*, 7 Johns. Ch. [N. Y.] 150, 11 Am. Dec. 441; *Fletcher v. Fletcher*, 29 Vt. 98), especially where the choses in action are made payable to the guardian (*Gentry v. Owen*, 14 Ark. 396, 60 Am. Dec. 549; *Fountain v. Anderson*, 33 Ga. 372; *Jenkins v. Sherman*, 77 Miss. 884, 28 South. 726; *Gillespie v. Crawford* [Tex. Civ. App.] 42 S. W. 621), or if shares of stock stand in his name (*Atkinson v. Atkinson*, 8 Allen [Mass.] 15; *Bank of Virginia v. Craig*, 6 Leigh [Va.] 399)."

It will be noticed that in the above note the case of *Mason v. Buchanan* is cited by the learned annotator as sustaining the position assumed by him, and we think that, certainly in so far as the sale of choses in action is concerned, the case sustains the conclusions of the annotator.

It would seem, therefore, that in this state a guardian may sell the choses in action of his ward at his peril and at the peril of his bondsmen without an order of court.

The decree of the chancellor is not in accordance with the above views, and the decree is therefore reversed, and a decree is here rendered granting to appellant the relief prayed for in his cross-bill.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. McCLELLAN, J., dissents.