(78 South. 373)

HARTON v. POWELL. (6 Div. 591.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied April 4, 1918.)

1. INSANE PERSONS ⬤═➣65 — ACCOUNT OF GUARDIAN—LIABILITY FOR FUNDS IMPROVIDENTLY EXPENDED.

Where a guardian compromised and settled an insane ward's interest in an insolvent corporation with the adversary stockholder, and adversary paid the whole amount stipulated in consideration of release of ward's rights, the guardian should be charged in his final account with such amount, less proper credits; money not received by him having been improvidently expended at his direction.

2. INSANE PERSONS ⬤═➣65—ACCOUNTING.

A ward, formerly insane, claiming the proceeds of compromise and settlement by his guardian in a lawsuit, must abide by the sum realized, and concede guardian his reasonable expenses and charges incurred in the litigation.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Proceedings in probate court by H. M. Harton against Charles B. Powell, guardian, to effect a settlement. From decree settling the guardian's account, Harton appeals. Reversed, and rendered.

Stokely, Scrivner & Dominick, of Birmingham, for appellant. C. B. Powell and Coleman & Coleman, all of Birmingham, for appellee.

SAYRE, J. The question on appeal in this case arises out of the settlement in the probate court of the appellee's guardianship of the estate of appellant, some time a lunatic. Upon appellant's recovery of his mind and his discharge from the asylum, where for some time he was detained, he caused appellee to be summoned to a settlement of the guardianship, to which, meantime, he had been appointed by the court. From the decree settling the guardian's account the erstwhile lunatic has appealed on grounds that will appear.

[1] The difference between the parties arose out of appellee's compromise and settlement of an action which he as guardian had brought in the chancery court to recover appellant's interest in the Ensley Development Company, an insolvent corporation. Appellee compromised and settled appellant's claim with the adversary stockholder of the corporation for the sum of $2,500. This adversary stockholder denied that appellant had any interest in the assets of the corporation, but, to buy his peace, and indifferent as to the disposition of the money, paid to appellant certainly as much as $1,000, and the balance of the stipulated sum he paid either to appellee or to appellee's law partner, who had been appointed receiver of the estate of the corporation.

By the decree of the probate court appellee was charged with the sum of $1,000, for the reason, evidently, that the proof showed he had received that much, and, after allowing appellee credits for certain services rendered by him to the estate, the decree charged him with the balance and interest to date. Appellant complains of the decree, for that it failed to charge appellee with the entire amount of the sum paid by his adversary in the equity proceeding. Our judgment is that appellee should have been charged according to appellant's contention.

Appellee had authority to compromise and settle the litigation in the equity court, subject, however, to a rigid responsibility to his ward for the providence and good faith of his disposition. Echols v. Speake, 185 Ala. 149, 64 South. 306, Ann. Cas. 1916C, 332.

[2] The appellee as guardian exercised a most delicate trust. That trust existed solely for the benefit of the ward, whose rights and interests alone were to be considered. Lee v. Lee, 55 Ala. 590. Appellant is claiming the proceeds of the settlement, must abide by the sum so realized as the fair equivalent of his interests in the insolvent corporation, and must concede to appellee his reasonable expenses and charges incurred in the litigation. The agreement of compromise stipulated that of the sum of $2,500, realized from the release of appellant's rights in the litigation or in the insolvent corporation, the sum of $1,750 was to be paid to appellee for and on account of the law firm of which he was a member and his law partner, as receiver, to cover all charges he might make in the cause in which he had been appointed, and $500 for bonds executed by said receiver and complainant in said cause, "and $250 for and on account of whatever interest the said Harton may have in the property and assets and stock" of the insolvent corporation. Notwithstanding this form of the agreement of compromise, dictated by appellee, every dollar of the whole amount was paid on the consideration of appellee's release of the rights of his ward in the corporation, and with every dollar of it appellee should have been charged after the allowance, not necessarily of such credits as appellee had arranged for, but of such credits as the law would allow to a faithful trustee.

The agreement shows an allowance to the receiver of $1,750 besides $500 for making bonds. This receivership lasted less than a week, being superseded on appeal. The property of the corporation consisted of a tract of land which had been laid off into town lots, some money in the hands of an officer or agent of the corporation, where it remained pending the receivership, and some small debts due from tenants. The duties of the receivership, during its brief span, may, accurately enough, be described as nominal. The evidence goes to show that $100 would have been a fair compensation for the responsibility assumed and the duties performed by the receiver. The receiver seems to deny the receipt of the sum charged to the receivership; but, wherever it went, its direction was ordered by appellee, it was expended improvidently, to say the least, and with it, less the receiver's compensation in the amount indicated by the evidence, the guardian should have been charged on his final settlement.

In the probate court appellee was allowed certain credits aggregating the sum of $544.65, for his services as an attorney in defending the interests of his ward in various litigated cases in which said interests were involved, for an attorney's fee expended in the matter of a writ of habeas corpus to procure the release of the ward from the insane hospital, and for commissions and court costs. In these items no error has been shown. They will therefore be allowed as they were in the probate court.

Appellee, Powell, has taken a cross-appeal; but no argument has been submitted on behalf of the cross-assignments of error, and they have not been considered.

Proceeding to render the judgment that should have been rendered in the court below, the court charges appellee with the sum of $2,500, credits him with $644.65, and finds that the difference $1,855.35 with interest

to date, that is, for 11 years and 7 months, to wit, $3,574.64, is the amount now due from appellee to appellant, and for that sum, with the costs in this court and the probate court, judgment is here rendered in favor of the ward against his guardian, appellee in this cause.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.