(84 South. 398)

## NOLEN v. STARKE.    (3 Div. 330.)*

(Court of Appeals of Alabama.   Oct. 21, 1919. Rehearing Denied Nov. 19, 1919.)

GUARDIAN AND WARD ⬅30(3) — TUITION PAID BY GUARDIAN IN DISCHARGE OF HIS DUTY TO PROVIDE WARD WITH EDUCATION NOT RECOVERABLE.

Money paid by guardian as tuition for ward's education, without order of the probate court, and without payment thereof having been reported to the probate court and allowed or confirmed, cannot be recovered either by guardian or ward; such money having been paid out in discharge of guardian's duty to provide ward a suitable education under Code 1907, § 4404.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Jack Nolen, by his next friend, against J. M. Starke to recover money paid for tuition. Judgment for defendant, and plaintiff appeals. Affirmed.

Barnes & Walker, of Opelika, for appellant.

Counsel contend that a guardian cannot bind the person or estate of his ward by his contract. 151 Ala. 293, 44 South. 193, 13 L. R. A. (N. S.) 297; 136 Ala 234, 33 South 875; 105 Ala. 149, 16 South. 723; 74 Ala. 422; 50 Ala. 586; 28 Ala. 501; 5 Ala. 42. An infant may disaffirm his contract for a course in school, when he subsequently leaves the school without cause, and recover the unearned portion of the money paid in advance for tuition. 183 Mich. 157, 149 N. W. 985, L. R. A. 1915C, 362; 68 N. E. 141, 176 N. Y. 126; 6 Watts & S. (Pa.) 80, 40 Am. Dec. 543; 3 Ga. App. 800, 60 S. E. 358; 126 Ga. 681, 8 Ann. Cas. 130, 55 S. E. 922; 122 Wis. 318, 99 N. W. 1043; 127 Iowa, 112, 102 N. W. 829.

Horace Stringfellow, of Montgomery, for appellee.

Under the agreed statement of facts, plaintiff was not entitled to recover. 35 Cyc. 816,

note 50; 124 N. C. 518, 32 S. E. 885; 27 Ala. 553; 127 Iowa, 131, 102 N. W. 839, 4 Ann. Cas. 421; 66 Ala. 35; 62 Ala. 110.

BRICKEN, J. This was a suit instituted by a minor to recover the sum of $166.20 paid by his legal guardian to the appellee for tuition at appellee's school.

The case was tried by the court without a jury upon an agreed statement of facts. Judgment was rendered for defendant.

In January, 1917, the defendant, J. M. Starke, conducted in the city of Montgomery a preparatory boarding school for boys and young men. One of the regulations of this school, known to the plaintiff and his guardian, provided that—

"In case of withdrawal or expulsion, no reduction will be made in any department, except by special arrangement or at the direction of the principal, and forfeiture of all money paid for any purpose whatever is the consequence of running away."

In January, 1917, the plaintiff entered the defendant's school for the term beginning with the 1st of January, and ending June 5, 1917. On January 11, 1917, in payment of the plaintiff's tuition at the defendant's school for the term beginning the 1st of January, and ending June 5, 1917, the legal guardian of plaintiff, Mrs. S. J. Nolen, as such guardian, drew and delivered to defendant her check for $232.82. The amount of this check was paid to defendant. This sum was paid by the guardian without any order of the probate court, and this payment has not been reported to the probate court, allowed or confirmed by the court. On January 28, 1917, the plaintiff, without cause, ran away from defendant's school, and the defendant exercised his right of option to declare the money received by him forfeited and has refused to pay the same back either to the plaintiff or his guardian.

The contract that we have under consideration here was made by the defendant and the guardian of the plaintiff for a period of six months. The contract was reasonable in all its terms and provisions and was made for the benefit of the ward. It is the duty of the guardian to provide for the education of his ward in a manner suitable to his prospects and condition in life. Code 1907, § 4404. It was competent, therefore, for the guardian of plaintiff to make the contract for his education set out in the agreed statement of facts. Neither can the guardian nor the ward repudiate such a contract. Money paid under this contract was paid in the execution of a solemn trust, and not in violation thereof, and the fact that this sum was paid by the guardian without any order of the probate court has no material bearing upon the rights of the plain-

---

tiff. Under the circumstances as set out in the agreed statement of facts, the guardian paid this money in the discharge of a duty he owed the ward and for the benefit of the ward, and was acting within the authority and power with which the law clothed her when she accepted the appointment as guardian. Money paid under these conditions cannot be recovered back either by the guardian or the minor. Mason v. Buchanan, 62 Ala. 110; Nunn v. Nunn, 66 Ala. 35.

The judgment for defendant is affirmed. Affirmed.