### UNITED STATES v. PHILLIPS.
No. 6230.

Circuit Court of Appeals, Seventh Circuit.
Nov. 19, 1937.
Rehearing Denied Dec. 7, 1937.

Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Michael L. Igoe, U. S. Atty., of Chicago, Ill., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., Young M. Smith, Atty., Department of Justice, of Washington, D. C., Wm. M. Lytle, Atty., Department of Justice, of Chicago, Ill., and Fendall Marbury, of Washington, D. C., for appellant.

Edward H. S. Martin, of Chicago, Ill., for appellee.

Before EVANS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

This action was brought by appellee on a war risk insurance policy. It resulted in a judgment in his favor. Two questions are raised in this court. One goes to the jurisdiction and the other to the admissibility of evidence and its sufficiency to sustain the judgment.

EVANS, Circuit Judge. The policy was issued December 1, 1917. No premiums were paid after the insured's discharge from the service on the 8th day of February, 1919. This action was begun August 16, 1929.

In his complaint appellee alleged:

"That the plaintiff (appellee) made due proof of said disability to the defendant (appellant) and demanded payment of the aforesaid amounts, but that the defendant and its agent, the United States Veterans Bureau, has allowed his said claim to go for an unreasonable time after it was made to said United States Veterans Bureau, to-wit: from the 11th day of February, A. D. 1929, to the present time, and for more than six months last past, without an ultimate decision thereon by the Director of the United States Veterans Bureau, although on, to-wit: the 11th day of February, A. D. 1929, the plaintiff demanded that if the decision of the Claims & Rating Board was adverse to the plaintiff, said claim be forwarded by said United States Veterans Bureau to the Central Board of Appeals having jurisdiction; and in the event of a decision there adverse to the said plaintiff, that it be forwarded through the necessary channels provided by regulations in force for ultimate decision by the Director of the United States Veterans Bureau; and although the plaintiff on, to-wit: the 12th day of July, A. D. 1929, notified said Director that if the said claim was not finally disposed of in the United States Veterans Bureau before August 15, 1929, the said plaintiff intended to commence suit for the recovery of the said war risk insurance without waiting for further action in the United States Veterans Bureau; * * *."

Set forth herewith is the notice of appeal.

"The undersigned hereby appeals to the Central Board of Appeals having jurisdiction from the most recent decision of the Claims and Rating Board of your Regional Office wherein the undersigned, Reginald E. Phillips, was denied a total permanent rating effective February 8, 1919, in the matter of the application of the undersigned for a rating of total permanent disability for insurance purposes under the War Risk Insurance contract of the undersigned Reginald E. Phillips, which on account of his total and permanent disability remains in full force and effect. The undersigned submits as a reason for said appeal that the Rating Board erred in disallowing the said Reginald E. Phillips a total permanent disability rating effective February 8, 1919. * * *."

Subsequently the veteran was advised of the status of his appeal in the following letter:

"You are advised that in view of the institution of this suit, the Government's interests were transferred to the Department of Justice and the local United States Attorney, and said department has not officially advised the Veterans' Administration of the dismissal of this case. Upon being so advised and upon the return of the files to the Veterans' Administration by the Department of Justice, consideration can then be given to your claim for review. * * *."

Under the decisions of Hansen v. United States (C.C.A.) 67 F.2d 613, United States v. White (C.C.A.) 77 F.2d 757, and United States v. Eide (C.C.A.) 88 F.2d 682, insured may not at the same time prosecute an appeal before the Veterans' Bureau and also maintain an action at law upon the policy in the United States District Court.

Appellee seeks to avoid the effect of these rulings by asserting that he was insane and is insane and "therefore was entitled to have his rights protected by the

court, regardless of whether they were properly cared for by his conservator." In support thereof he cites Dexter v. Hall, 15 Wall. (82 U.S.) 9, 21 L.Ed. 73; Fietsam v. Kropp, 6 Ill.App. 144; and Gibbs v. Andrews, 299 Ill. 510, 132 N.E. 544.

As we view it, this is not a question of protecting an alleged incompetent, but involves the jurisdiction of the Federal Court over a cause of action based upon an insurance policy for recovery of which the insured is proceeding, before the Veterans' Bureau. The court's jurisdiction does not depend upon the mental or physical condition of the insured. Congress has created another body and given to it authority to hear and determine claims arising out of war risk insurance policies. The insured must first present his claim to the Veterans', Bureau. If the decision of the Examiner is adverse to him he may, although not required so to do, appeal to a higher Board of Examiners in the same Department. However, the veteran may not, under statute, resort to the courts until there has been an adverse ruling, termed a disagreement.

When his claim is rejected by the Claims and Rating Board the insured has an election of remedies. He may appeal or he may bring his action in the District Court. He may not do both. Not only is this the conclusion reached in the cases above cited, but it is consistent with the orderly presentation of a veteran's claim based on a war risk insurance policy.

The appellee is seeking to recover upon a policy that was issued to him when he entered the service and upon which he failed to pay any premiums after his discharge in 1919. If he were totally and permanently disabled at that time he was not required to pay premiums. His guardian or he or both of them concluded in 1929 that he was totally and permanently disabled in 1919. A claim was therefore filed in 1929 with the Veterans' Bureau. This was the correct procedure. From an adverse decision by the Claims and Rating Board, the insured and his guardian concluded to appeal to the Central Board of Appeals and while the appeal was then pending they brought this action.

In effect, we are asked to modify or withdraw the opinion in Hansen v. United States, supra, and hold that a claimant who has taken an appeal to the Board of Examiners may at the same time prosecute an action in the District Court. Inconsistent and absurd results would follow. A court might find against insured and enter judgment accordingly. The Board might find the claim to be meritorious and allow it. Or the reverse may occur.

It is argued, however, by appellee that because he was insane and he, through his guardian, took the appeal, it is a nullity for want of authority on the part of himself or his guardian to act. The same guardian brought this action and the same authority was invoked in each case. If there was an absence of authority to appeal, was there not a similar lack of authority to bring this action?

We can not and do not assume that action taken by a guardian for the protection and benefit of the ward, of the nature and character here taken, either by appeal or by bringing of this action, was unauthorized and violative of the authority growing out of his duty as said guardian. Maclay v. Equitable Life Assurance Society, 152 U.S. 499, 14 S.Ct. 678, 38 L.Ed. 528; 12 R.C.L. 1135; Schmidt v. Shaver, 196 Ill. 108, 63 N.E. 655, 89 Am.St.Rep. 250. See note.

The judgment is reversed, with directions to enter one which abates the action, but which will not preclude appellee from further prosecution of his claim before the Veterans' Bureau.