**HOWARD v. UNITED STATES.**
No. 7869.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1938.

James N. Hardin, of Greeneville, Tenn. (Swingle & Hardin, of Greeneville, Tenn., on the brief) for appellant.

W. C. Pickett and T. E. Walsh, both of Washington, D. C. (James B. Frazier, Jr., of Knoxville, Tenn., and Julius C. Martin, Wilbur C. Pickett, and Thomas E. Walsh, all of Washington, D. C., on the brief), for the United States.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

Appellant held a contract of war risk insurance and filed claim for payment of benefits thereunder with the Veterans' Administration on September 11, 1930. The claim was denied by the Insurance Claims Council on June 28, 1935, and notice of the denial was given by registered letter dated July 17, 1935. On January 28, 1936, appellant appealed to the Administrator of Veterans' Affairs and was informed by registered letter dated July 13, 1936, that the Board of Veterans' Appeals, Veterans' Administration, had denied his claim as of the same date. Appellant filed his declaration in the District Court on August 7, 1936, to which appellee interposed a plea in bar which the court sustained, holding that the action was barred by the statute of limitations. From the order dismissing the suit this appeal is prosecuted.

The sole question is whether appellant is entitled to the benefit of the saving clause of Section 445, Title 38, U.S.C., 38 U.S.C.A. § 445 (providing for suspension of the running of the statute of limitations) for the entire time that the claim was held

in the Veterans' Bureau, or whether that suspension terminated at the time when appellant was notified of the denial of his claim by the Insurance Claims Council. If the suspension continued up to the time of the denial by the Board of Veterans' Appeals on July 13, 1936, the suit was timely brought.

Section 445, as amended July 3, 1930, provides for limitation of actions on war risk policies, but suspends the limitation "for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director." If the statute is construed according to its plain and unambiguous meaning, then the action is not barred, for the denial of the claim by the Board of Veterans' Appeals, which acts for the Administrator in all questions submitted to it for decision, is in legal effect denial by the Administrator (the Administrator being now vested with all powers formerly given to the Director under the statute). But appellee contends that Section 445 must be read in conjunction with Section 445c, which was added in 1935 for the purpose of clarifying the meaning of the term. "disagreement," the disagreement being the jurisdictional prerequisite to the suit in the District Court. Section 445 defines disagreement as "a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator." Section 445c provides that "A denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 445 of this title." Before this enactment a denial of the insurance claim had to be made by the Administrator or someone acting in his name to constitute a disagreement. As the statute now stands the denial by any subordinate board or agency of the Veterans' Administration is sufficient. Since Section 445c enables a claimant to sue before exhausting his remedies within the Veterans' Administration, it is argued that the suspension of limitation was curtailed by Section 445c in cases where the claimant proceeded by way of administrative appeal. As the claimant could have sued immediately after denial of his claim by the subordinate body, the argument is that he must do so or else be barred in the District Court, for inevitably this construc-

tion of the statute leads to the result that the claimant will not be able to file his suit within the statutory period after he has appealed to the final administrative body. Appellee urges that this construction is necessitated by a consideration of the facts which led to the enactment of Section 445c.

More than 15,000 claimants had appealed directly to the District Court from decisions of the Insurance Claims Council denying their various claims, instead of first appealing to the Administrator so as to exhaust their administrative remedies. The statute then in force, Section 445, Title 38, U.S.C., 38 U.S.C.A. § 445, provided that a "disagreement" arose only on denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name. But the question as to whether denial by one agency only of the Veterans' Administration constitutes disagreement, or whether each agency must pass upon the claim, had not been clearly decided. It was generally considered that the denial by a subordinate body of the Veterans' Administration was sufficient to vest the District Court with jurisdiction. A case arising out of one of these appeals, Frederick v. United States, 294 U.S. 695, 55 S.Ct. 511, 79 L.Ed. 1233, was presented to the Supreme Court for review at about this time. It was the general opinion that legislative clarification of the term "disagreement" was essential, and upon motion granted by the Supreme Court, it deferred decision in the Frederick Case until congressional relief could be obtained. Section 445c was thereupon drafted by the Veterans' Administration in collaboration with the Solicitor General, and subsequently enacted by Congress.

It does not follow that since legislative relief was extended to one class of claimants by this statute it was thereby denied to another class. Section 445c extended the definition of the term "disagreement" to include denial of the claim by any subordinate body of the Veterans' Administration, but in no way abrogated the right of appeal to the Administrator, including the right of review by the Board of Veterans' Appeals, nor the suspension of limitation for the period between the filing of the claim and its denial by the Administrator. We conclude this

(1) Because Section 445c itself expressly defines a disagreement as being denial by the Administrator; and

(2) Because this construction is reinforced by the administrative interpretation of the act.

Upon the first point appellee's contention that the limitation is not suspended on the appeal to the final body within the Administration ignores the fact that Section 445c defines a disagreement not only as denial by a subordinate agency, but also as denial by the Administrator. Denial by the Board of Veterans' Appeals is conceded to be equivalent to denial by the Administrator. The same jurisdictional prerequisite for suit in the District Court then exists on denial by the final administrative body as on denial by the subordinate body.

Upon the second point the official body which drafted Section 445c interpreted it after its enactment as if appeal to the final body still suspended the limitation.

Pursuant to statutory authority, Section 426, Title 38, U.S.C., 38 U.S.C.A. § 426, the Administrator on September 4, 1934, promulgated certain rules and regulations governing appeals from decisions by the Insurance Claims Council. Section 3107 of the rules provided: "An application for review on appeal filed with any activity of the administration prior to the expiration of the one year period will be accepted as having been filed within the time limit."[1] This rule was not changed after Section 445c was enacted.

Appellant followed the procedure outlined under these rules and appealed to the Administrator because he wished to exhaust his administrative remedies before resorting to an expensive trial in court. Cf. Fouts v. United States, 5 Cir., 67 F.2d 249. The official letter of July 17, 1935, written after Section 445c was enacted, notifying appellant that the Insurance Claims Council had denied his claim also informed him that he could appeal to the Administrator of Veterans' Affairs within one year.

This interpretation by those who actually drafted this particular legislation and are charged with its enforcement would be entitled to weight (Cf. Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 315, 53 S.Ct. 350, 77 L.Ed. 796), if the statute were indefinite or doubtful. Here it confirms the plain mandate of the statute. As Section 445c did not cut off the right of a claimant to appeal to the Administrator after his claim had been denied by a subordinate body within the Administration, it gave him an option (1) of instituting suit in the District Court immediately after the Insurance Claims Council had denied his claim, or (2) of appealing his case to the Administrator, and if that decision was adverse, of then instituting suit in the District Court. Cf. United States v. Phillips, 7 Cir., 92 F.2d 849, which holds that the claimant may prosecute an appeal to the Veterans' Bureau after a denial of his claim by a subordinate agency of the Administration, but may not simultaneously file his case in the District Court.

Under Section 445 the statute of limitations is suspended during the pendency of the claim in the Veterans' Administration. Cf. United States v. Knott, 6 Cir., 69 F.2d 907; United States v. Valndza, 6 Cir., 81 F.2d 615; United States v. Green, 6 Cir., 84 F.2d 449. In view of our construction of Section 445c, it follows that the limitation was suspended during the whole period that the claim was held in the Veterans' Administration, namely, from September 11, 1930, to July 13, 1936, and appellant's action was timely.

The order is reversed and the cause remanded for further proceedings not inconsistent herewith.

---

[1] Section 3107 provides general instructions with regard to the letter advising the claimant of the denial of his claim as follows: "Said letter should further advise the claimant that he may file an application for review on appeal to the Administrator of Veterans' Affairs within one year from the date of mailing of notice of the result of initial review or determination." Further pertinent provisions of the rules and regulations are the following:

Section 3204. "Where insurance claims council finds that permanent and total disability does not exist as alleged, such denial shall be final. However, a veteran or his authorized representative shall have the right to file an application for review on appeal to the Administrator of Veterans' Affairs within one year from the date of mailing of notice of the decision of the insurance claims council."